**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| PROTECT THE PUBLIC'S TRUST<br>712 H Street, N.E.<br>Suite 1682<br>Washington, D.C. 20002,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION<br>935 Pennsylvania Ave, N.W.<br>Washington, D.C. 20535<br><br>Defendant. | ) | Civil Case No. 1:23-cv-03302 |

## COMPLAINT

1. Plaintiff Protect the Public's Trust brings this action against the Federal Bureau of Investigation under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.
3. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

4. Plaintiff Protect the Public's Trust ("PPT") is a nonprofit corporation dedicated to restoring public trust in government by promoting the fair and equal application of the rules and standards of ethical conduct to all public servants. Consistent with Justice Brandeis's aphorism that "Sunlight is said to be the best of disinfectants; electric light the most

efficient policeman," PPT seeks to promote transparency and broadly disseminate information so that the American people can evaluate the integrity and ethical conduct of those who act in their name. Louis Brandeis, OTHER PEOPLE'S MONEY AND HOW BANKERS USE IT (1914), https://louisville.edu/law/library/special-collections/the-louis-d.-brandeis-collection/other-peoples-money-chapter-v.

5. Defendant Federal Bureau of Investigation ("FBI") is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). The FBI has possession, custody, and control of records responsive to Plaintiff's FOIA request.

## STATEMENT OF FACTS

6. As Attorney General Garland has made clear, FOIA is "a vital tool for ensuring transparency, accessibility, and accountability in government" whose "'basic purpose . . . is to ensure an informed citizenry,' which is 'vital to the functioning of a democratic society [and] needed to check against corruption and to hold the governors accountable to the governed.'" Merrick Garland, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines* 1 (Mar. 15, 2022), https://www.justice.gov/ag/page/file/1483516/download (quoting *NLRB v. Robbins Tire & Rubber Co*, 437 U.S. 214, 242 (1978)) ("Garland Memo").

### I. Request No. 1585922-000

7. On March 8, 2023, PPT submitted a FOIA request ("Request No. 1585922-000") (attached as Exhibit A) to the FBI seek the following:

> 1. From January 1, 2020, through November 30, 2022, records of communications between Twitter employees Patrick Conlon, Stacia Cardille and employees within the FBI's National Election Command Post.

8. The release of these documents is in the public interest because they will help the public gain clarity on the "Twitter files"—internal Twitter documents that revealed alarming correspondence among and between Twitter employees and officials from the federal government. The Twitter Files include records of communications between the FBI and Stacia Cardille. *See, e.g.*, Matt Taibbi (Dec. 24, 2022), https://twitter.com/mtaibbi/status/1606701446325735429 (Including an image of a communication between Elvis Chan to "Stacia" indicating that "[o]ur FBI Baltimore identified these Twitter hands and tweets . . ."); *id.*, https://twitter.com/mtaibbi/status/1606701454911483904 ("'They have some folks in the Baltimore field office and at HQ that are just doing keyword searches for violations. This is probably the 10th request I have dealt with in the last 5 days,' remarked Cardille."). The Twitter Files further suggest that Mr. Conlon was involved in decisions concerning the application of Twitter's terms of service. *See generally* Andy Ngo (Dec. 9, 2022), https://twitter.com/MrAndyNgo/status/1601384585476329473 ("In the latest #TwitterFiles, it is revealed that Twitter Elections & Crisis Response Lead, Patrick Conlon, was one of several decision-makers who pushed for jokes by conservatives to be a basis for TOS strikes. Conlon worked intelligence for years at the US Department of Defense."). The release of the documents would assist in the public's determination of whether actions by agents of the federal government violated the First Amendment rights of American citizens.

9. On March 27, 2023, the FBI responded to Request No. 1585922-000 and said, "[p]lease be advised the FBI will neither confirm or deny the existence of such records pursuant to FOIA exemptions (b)(6) and (b)(7)(C), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C). The mere

acknowledgement of the existence of FBI records on third party individuals could reasonably be expected to constitute an unwarranted invasion of personal privacy." (attached as Exhibit B). The FBI further claimed "[a]dditionally, your request is overly broad and it does not comport with the requirements of 28 CFR § 16.3(b), as it does not provide enough detail to enable personnel to locate records 'with a reasonable amount of effort.'"

10. On June 1, 2023, PPT submitted a Freedom of Information Act Appeal (attached as Exhibit C), noting in part that the Twitter Files contained apparent communications between Ms. Cardille and the FBI and that the FBI may not assert a Glomar response after it publicly acknowledged the existence of communications with Twitter. *See* Deposition of Elvis Chan, *State of Missouri v. Biden*, Case No. 3:22-cv-01213 (W.D. La. Nov. 29, 2022), https://www.documentcloud.org/documents/23379650-elvis-chan-deposition, (acknowledging meeting and communicating with a Twitter executive). Moreover, PPT asserted that it was seeking communications between the FBI and a third party, not records "on" a third party; that PPT was not seeking "personnel, medical, or similar information" about Stacia Cardille nor Patrick Conlon; that any privacy interest in the requested records is easily outweighed by the tremendous public interest in the matter; that PPT reasonably described the records sought; and that the FBI's claim that PPT's request fails to satisfy 28 C.F.R. § 16.3(b) is procedurally deficient, arbitrary, and capricious.

11. PPT also noted that "the FBI has stated publicly: 'The correspondence between the FBI and Twitter show nothing more than examples of our traditional, longstanding and ongoing federal government and private sector engagements, which involve numerous companies over multiple sectors and industries. As evidence in the correspondence, the FBI provides

critical information to the private sector in an effort to allow them to protect themselves and their customers.'" *See* Jack Gibson & Adam Sabes, *FBI Responds to Twitter Files Disclosures, Says it Didn't Request 'Any Action' on Specific Tweets*, Fox News (Dec. 21, 2022), https://www.foxnews.com/politics/fbi-responds-twitter-files-disclosures-says-didnt-request-any-action-specific-tweets.

12. The FBI has yet to respond to PPT's Appeal for Request No. 1585922-000 and, as a result, the 20-day statutory period to respond has passed. 50 U.S.C. § 552(a)(6)(A)(ii). Therefore, the FBI has constructively denied PPT's appeal.

13. Given these facts, the FBI has not and does not appear to intend to meet its statutory obligations to provide the requested records absent litigation.

14. As such, the FBI is wrongfully withholding responsive records in violation of FOIA.

**II. Request No. 1585928-000**

15. On March 8, 2023, PPT submitted a FOIA request ("Request No. 1585928-000") (attached as Exhibit D) to the FBI requesting the following:

    1. From January 1, 2020, through November 30, 2022, records of communications between Twitter employees Patrick Conlon, Stacia Cardille, and officials within the FBI's Foreign Influence Task Force (FITF).

16. The release of these documents is in the public interest because they will help the public gain clarity on the "Twitter files"—internal Twitter documents that revealed alarming correspondence among and between Twitter employees and officials from the federal government. The Twitter Files include records of communications between the FBI and Stacia Cardille. *See, e.g.*, Matt Taibbi (Dec. 24, 2022), https://twitter.com/mtaibbi/status/1606701446325735429 (Including an image of a communication between Elvis Chan to "Stacia" indicating that "[o]ur FBI Baltimore

identified these Twitter hands and tweets . . ."); *id*., https://twitter.com/mtaibbi/status/1606701454911483904 ("'They have some folks in the Baltimore field office and at HQ that are just doing keyword searches for violations. This is probably the 10th request I have dealt with in the last 5 days,' remarked Cardille."). The Twitter Files further suggest that Mr. Conlon was involved in decisions concerning the application of Twitter's terms of service. *See generally* Andy Ngo (Dec. 9, 2022), https://twitter.com/MrAndyNgo/status/1601384585476329473 ("In the latest #TwitterFiles, it is revealed that Twitter Elections & Crisis Response Lead, Patrick Conlon, was one of several decision-makers who pushed for jokes by conservatives to be a basis for TOS strikes. Conlon worked intelligence for years at the US Department of Defense."). The release of the documents would assist in the public's determination of whether actions by agents of the federal government violated the First Amendment rights of American citizens.

17. On March 27, 2023, the FBI responded to Request No. 1585928-000 and said, "[p]lease be advised the FBI will neither confirm or deny the existence of such records pursuant to FOIA exemptions (b)(6) and (b)(7)(C), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C). The mere acknowledgement of the existence of FBI records on third party individuals could reasonably be expected to constitute an unwarranted invasion of personal privacy." (attached as Exhibit E). The FBI further claimed "[a]dditionally, your request is overly broad and it does not comport with the requirements of 28 CFR § 16.3(b), as it does not provide enough detail to enable personnel to locate records 'with a reasonable amount of effort.'"

18. On June 1, 2023, PPT submitted a Freedom of Information Act Appeal (attached as Exhibit F) noting in part that the Twitter Files contained apparent communications between Ms. Cardille and the FBI and that the FBI may not assert a Glomar response after it publicly acknowledged the existence of communications with Twitter. *See* Deposition of Elvis Chan, *State of Missouri v. Biden*, Case No. 3:22-cv-01213 (W.D. La. Nov. 29, 2022), https://www.documentcloud.org/documents/23379650-elvis-chan-deposition, (acknowledging meeting and communicating with a Twitter executive). Moreover, PPT asserted that it was seeking communications between the FBI and a third party, not records "on" a third party; that PPT was not seeking "personnel, medical, or similar information" about Stacia Cardille nor Patrick Conlon; that any privacy interest in the requested records is easily outweighed by the tremendous public interest in the matter; that PPT reasonably described the records sought; and that the FBI's claim that PPT's request fails to satisfy 28 C.F.R. § 16.3(b) is procedurally deficient, arbitrary, and capricious.

19. PPT also noted that "the FBI has stated publicly: 'The correspondence between the FBI and Twitter show nothing more than examples of our traditional, longstanding and ongoing federal government and private sector engagements, which involve numerous companies over multiple sectors and industries. As evidence in the correspondence, the FBI provides critical information to the private sector in an effort to allow them to protect themselves and their customers.'" *See* Jack Gibson & Adam Sabes, *FBI Responds to Twitter Files Disclosures, Says it Didn't Request 'Any Action' on Specific Tweets*, Fox News (Dec. 21, 2022), https://www.foxnews.com/politics/fbi-responds-twitter-files-disclosures-says-didnt-request-any-action-specific-tweets.

20. On July 5, 2023, the FBI responded to PPT's Appeal for Request No. 1585928-000 (attached as Exhibit G) stating, "I am affirming the FBI's action on your request . . . Confirming or denying the existence of such records, including law enforcement records, concerning a third-party individual would constitute a clearly unwarranted invasion of personal privacy, and could reasonably be expected to constitute an unwarranted invasion of personal privacy."

21. Thus, PPT has exhausted its administrative remedies and the FBI has made a final determination.

22. As such, the FBI is wrongfully withholding responsive records in violation of FOIA.

**III. Request No. 1585931-000**

23. On March 8, 2023, PPT submitted a FOIA request ("Request No. 1585931-000") (attached as Exhibit H) to the FBI seek the following:

    1. From January 1, 2020, through November 30, 2022, records of communications between Yoel Roth (Yoel@twitter.com) and employees within the FBI's Foreign Influence Task Force (FITF).

24. The release of these documents is in the public interest because they will help the public gain clarity on the "Twitter files"—internal Twitter documents that revealed alarming correspondence among and between Twitter employees and officials from the federal government. Reports indicate that "[b]etween January 2020 and November 2022, there were over 150 emails between the FBI and former Twitter Trust and Safety chief Yoel Roth." Matt Taibbi (@mtaibbi), TWITTER (Dec. 16, 2022, 4:00 PM), https://twitter.com/mtaibbi/status/1603857541414412304. As such, the release of the documents would assist in the public's determination of whether actions by agents of the federal government violated the First Amendment rights of American citizens.

25. The FBI has publicly acknowledged communicating with Twitter executives. For example, the FBI has stated publicly: "The correspondence between the FBI and Twitter show nothing more than examples of our traditional, longstanding and ongoing federal government and private sector engagements, which involve numerous companies over multiple sectors and industries. As evidenced in the correspondence, the FBI provides critical information to the private sector in an effort to allow them to protect themselves and their customers." *See* Jack Gibson, Adam Sabes, FBI Responds to Twitter Files Disclosures, Says it Didn't Request 'Any Action' on Specific Tweets, Fox News (Dec. 21, 2022), https://www.foxnews.com/politics/fbi-responds-twitter-files-disclosures-says-didnt-request-any-action-specific-tweets.

26. The FBI has previously acknowledged communicating specifically with Mr. Roth. *See* Deposition of Elvis Chan, *State of Missouri v. Biden*, Case No. 3:22-cv-01213 (W.D. La. Nov. 29, 2022), https://www.documentcloud.org/documents/23379650-elvis-chan-deposition (acknowledging meeting and communicating with Mr. Roth).

27. Mr. Roth has publicly acknowledged communicating with the FBI. For example, in a declaration he submitted to the Federal Election Commission, Mr. Roth stated "[s]ince 2018, I have had regular meetings with the Office of the Director of National Intelligence, the Department of Homeland Security, *the FBI*, and industry peers regarding election security." *See* MUR 7821, Response of Twitter, Inc, Declaration of Yoel Roth at ¶ 10 (Dec. 17, 2020), https://www.fec.gov/files/legal/murs/7821/7821_07.pdf (emphasis added). He also alluded to such communications in a prepared public statement to the House Committee on Oversight and Accountability. Yoel Roth, Statement of Yoel Roth at 3, Hearing on "Protecting Speech from Government Interference and Social Media Bias,

Part 1: Twitter's Role in Suppressing the Biden Laptop Story," House of Representatives Committee on Oversight and Accountability (Feb. 8, 2023), https://oversight.house.gov/wp-content/uploads/2023/02/Roth-House-Oversight-opening-statement-V4-Final.pdf ("In the recent reporting known as the Twitter Files, there was an attempt to portray interactions between Twitter and other social media platforms and the FBI as politically driven interference. *My experience of these interactions was different*." (emphasis added) (footnotes omitted)).

28. On March 27, 2023, the FBI responded to Request No. 1585931-000 and said, "[p]lease be advised the FBI will neither confirm or deny the existence of such records pursuant to FOIA exemptions (b)(6) and (b)(7)(C), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C). The mere acknowledgement of the existence of FBI records on third party individuals could reasonably be expected to constitute an unwarranted invasion of personal privacy." (attached as Exhibit I). The FBI further claimed "[a]dditionally, your request is overly broad and it does not comport with the requirements of 28 CFR § 16.3(b), as it does not provide enough detail to enable personnel to locate records 'with a reasonable amount of effort.'"

29. On June 1, 2023, PPT submitted a Freedom of Information Act Appeal (attached as Exhibit J) noting in part that the FBI may not assert a Glomar response after it publicly acknowledged the existence of the documents. *See* Deposition of Elvis Chan, *State of Missouri v. Biden*, Case No. 3:22-cv-01213 (W.D. La. Nov. 29, 2022), https://ago.mo.gov/docs/default-source/press-releases/doc-144-2---exhibit-a-chan.pdf, (acknowledging meeting and communicating with Mr. Roth). Moreover, PPT asserted that it was seeking communications between the FBI and a third party, not records "on" a third

party; that the PPT was not seeking "personnel, medical, or similar information" about Mr. Roth; that any privacy interest in the requested records is easily outweighed by the tremendous public interest; PPT reasonably described the records sought; and that the FBI's claim that PPT's request fails to satisfy 28 C.F.R. § 16.3(b) is procedurally deficient, arbitrary, and capricious.

30. On October 12, 2023, the FBI responded to PPT's Appeal for Request No. 1585931-000 (attached as Exhibit K) stating, "I am affirming the FBI's action on your request . . . Confirming or denying the existence of such records, including law enforcement records, concerning a third-party individual would constitute a clearly unwarranted invasion of personal privacy, and could reasonably be expected to constitute an unwarranted invasion of personal privacy."

31. At this time, PPT has exhausted its administrative process and the FBI has made a final determination on Plaintiff's request.

32. The FBI's determination completely rejecting of Plaintiff's FOIA request is contrary to law. As such, the FBI is wrongfully withholding responsive records in violation of FOIA.

## IV. Request No. 1585935-000

33. On March 8, 2023, PPT submitted a FOIA request ("Request No. 1585935-000") (attached as Exhibit L) to the FBI seeking the following:

   1. From January 1, 2020, through November 30, 2022, records of communications between Yoel Roth (Yoel@twitter.com) and employees within the FBI's National Election Command Post.

34. The release of these documents is in the public interest because they will help the public gain clarity on the "Twitter files"—internal Twitter documents that revealed alarming correspondence among and between Twitter employees and officials from the federal

government. Furthermore, reports indicate that "[b]etween January 2020 and November 2022, there were over 150 emails between the FBI and former Twitter Trust and Safety chief Yoel Roth." Matt Taibbi (@mtaibbi), TWITTER (Dec. 16, 2022, 4:00 PM), https://twitter.com/mtaibbi/status/1603857541414412304. As such, the release of the documents would assist in the public's determination of whether actions by agents of the federal government violated the First Amendment rights of American citizens.

35. The FBI has publicly acknowledged communicating with Twitter executives. For example, the FBI has stated publicly: "The correspondence between the FBI and Twitter show nothing more than examples of our traditional, longstanding and ongoing federal government and private sector engagements, which involve numerous companies over multiple sectors and industries. As evidenced in the correspondence, the FBI provides critical information to the private sector in an effort to allow them to protect themselves and their customers." *See* Jack Gibson, Adam Sabes, FBI Responds to Twitter Files Disclosures, Says it Didn't Request 'Any Action' on Specific Tweets, Fox News (Dec. 21, 2022), https://www.foxnews.com/politics/fbi-responds-twitter-files-disclosures-says-didnt-request-any-action-specific-tweets.

36. The FBI has previously acknowledged communicating with Mr. Roth. *See* Deposition of Elvis Chan, *State of Missouri v. Biden*, Case No. 3:22-cv-01213 (W.D. La. Nov. 29, 2022), https://www.documentcloud.org/documents/23379650-elvis-chan-deposition (acknowledging meeting and communicating with Mr. Roth).

37. Mr. Roth has publicly acknowledged communicating with the FBI. For example, in a declaration he submitted to the Federal Election Commission, Mr. Roth stated "[s]ince 2018, I have had regular meetings with the Office of the Director of National Intelligence,

the Department of Homeland Security, *the FBI*, and industry peers regarding election security." *See* MUR 7821, Response of Twitter, Inc, Declaration of Yoel Roth at ¶ 10 (Dec. 17, 2020), https://www.fec.gov/files/legal/murs/7821/7821_07.pdf (emphasis added). He also alluded to such communications in a prepared public statement to the House Committee on Oversight and Accountability. Yoel Roth, Statement of Yoel Roth at 3, Hearing on "Protecting Speech from Government Interference and Social Media Bias, Part 1: Twitter's Role in Suppressing the Biden Laptop Story," House of Representatives Committee on Oversight and Accountability (Feb. 8, 2023), https://oversight.house.gov/wp-content/uploads/2023/02/Roth-House-Oversight-opening-statement-V4-Final.pdf ("In the recent reporting known as the Twitter Files, there was an attempt to portray interactions between Twitter and other social media platforms and the FBI as politically driven interference. *My experience of these interactions was different*." (emphasis added) (footnote omitted)).

38. On March 27, 2023, the FBI responded to Request No. 1585935-000 and said, "[p]lease be advised the FBI will neither confirm or deny the existence of such records pursuant to FOIA exemptions (b)(6) and (b)(7)(C), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C). The mere acknowledgement of the existence of FBI records on third party individuals could reasonably be expected to constitute an unwarranted invasion of personal privacy." (attached as Exhibit M). The FBI further claimed "[a]dditionally, your request is overly broad and it does not comport with the requirements of 28 CFR § 16.3(b), as it does not provide enough detail to enable personnel to locate records 'with a reasonable amount of effort.'"

39. On June 1, 2023, PPT submitted a Freedom of Information Act Appeal (attached as Exhibit N) noting in part that the FBI may not assert a Glomar response after it publicly acknowledged the existence of the documents. *See* Deposition of Elvis Chan, *State of Missouri v. Biden*, Case No. 3:22-cv-01213 (W.D. La. Nov. 29, 2022), https://www.documentcloud.org/documents/23379650-elvis-chan-deposition, (acknowledging meeting and communicating with Mr. Roth). Moreover, PPT asserted that it was seeking communications between the FBI and a third party, not records "on" a third party; that PPT was not seeking "personnel, medical, or similar information" about Mr. Roth; that any privacy interest in the requested records is easily outweighed by the tremendous public interest; that PPT reasonably described the records sought; and that the FBI's claim that PPT's request fails to satisfy 28 C.F.R. § 16.3(b) is procedurally deficient, arbitrary, and capricious.

40. The FBI has yet to respond to PPT's Appeal for Request No. 1585935-000 and, as a result, the 20-day statutory period to respond has passed. 50 U.S.C. § 552(a)(6)(A)(ii). Therefore, the FBI has constructively denied PPT's appeal.

41. Given these facts, the FBI has not and does not appear to intend to meet its statutory obligations to provide the requested records absent litigation.

42. As such, the FBI is wrongfully withholding responsive records in violation of FOIA.

**V. Request No. 1585937-000**

43. On March 8, 2023, PPT submitted a FOIA request ("Request No. 1585937-000") (attached as Exhibit O) to the FBI seek the following:

1. From January 1, 2020, through November 30, 2022, records of communications between Yoel Roth (yoel@twitter.com) and the following FBI officials:

   a) Fred, San Francisco FBI branch

b) Katherine, FBI Private Sector Engagement Squad in San Francisco

44. The release of these documents is in the public interest because they will help the public gain clarity on the "Twitter files"—internal Twitter documents that revealed alarming correspondence among and between Twitter employees and officials from the federal government. Furthermore, reports indicate that "[b]etween January 2020 and November 2022, there were over 150 emails between the FBI and former Twitter Trust and Safety chief Yoel Roth." Matt Taibbi (@mtaibbi), TWITTER (Dec. 16, 2022, 4:00 PM), https://twitter.com/mtaibbi/status/1603857541414412304. As such, the release of the documents would assist in the public's determination of whether actions by agents of the federal government violated the First Amendment rights of American citizens.

45. The FBI has publicly acknowledged communicating with Twitter executives. For example, the FBI has stated publicly: "The correspondence between the FBI and Twitter show nothing more than examples of our traditional, longstanding and ongoing federal government and private sector engagements, which involve numerous companies over multiple sectors and industries. As evidenced in the correspondence, the FBI provides critical information to the private sector in an effort to allow them to protect themselves and their customers." *See* Jack Gibson, Adam Sabes, FBI Responds to Twitter Files Disclosures, Says it Didn't Request 'Any Action' on Specific Tweets, Fox News (Dec. 21, 2022), https://www.foxnews.com/politics/fbi-responds-twitter-files-disclosures-says-didnt-request-any-action-specific-tweets.

46. The FBI has previously acknowledged communicating with Mr. Roth. *See* Deposition of Elvis Chan, *State of Missouri v. Biden*, Case No. 3:22-cv-01213 (W.D. La. Nov. 29, 2022),

https://www.documentcloud.org/documents/23379650-elvis-chan-deposition (acknowledging meeting and communicating with Mr. Roth).

47. Mr. Roth has publicly acknowledged communicating with the FBI. For example, in a declaration he submitted to the Federal Election Commission, Mr. Roth stated "[s]ince 2018, I have had regular meetings with the Office of the Director of National Intelligence, the Department of Homeland Security, *the FBI*, and industry peers regarding election security." *See* MUR 7821, Response of Twitter, Inc, Declaration of Yoel Roth at ¶ 10 (Dec. 17, 2020), https://www.fec.gov/files/legal/murs/7821/7821_07.pdf (emphasis added). He also alluded to such communications in a prepared public statement to the House Committee on Oversight and Accountability. Yoel Roth, Statement of Yoel Roth at 3, Hearing on "Protecting Speech from Government Interference and Social Media Bias, Part 1: Twitter's Role in Suppressing the Biden Laptop Story," House of Representatives Committee on Oversight and Accountability (Feb. 8, 2023), https://oversight.house.gov/wp-content/uploads/2023/02/Roth-House-Oversight-opening-statement-V4-Final.pdf ("In the recent reporting known as the Twitter Files, there was an attempt to portray interactions between Twitter and other social media platforms and the FBI as politically driven interference. *My experience of these interactions was different*." (emphasis added) (footnote omitted)).

48. On March 27, 2023, the FBI responded to Request No. 1585937-000 and said, "[p]lease be advised the FBI will neither confirm or deny the existence of such records pursuant to FOIA exemptions (b)(6) and (b)(7)(C), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C). The mere acknowledgement of the existence of FBI records on third party individuals could

reasonably be expected to constitute an unwarranted invasion of personal privacy." (attached as Exhibit P).

49. On June 1, 2023, PPT submitted a Freedom of Information Act Appeal (attached as Exhibit Q) noting in part that the FBI may not assert a Glomar response after it publicly acknowledged the existence of the documents. *See* Deposition of Elvis Chan, *State of Missouri v. Biden*, Case No. 3:22-cv-01213 (W.D. La. Nov. 29, 2022), https://www.documentcloud.org/documents/23379650-elvis-chan-deposition, (acknowledging meeting and communicating with Mr. Roth). Moreover, PPT asserted that it was seeking communications between the FBI and a third party, not records "on" a third party; that PPT was not seeking "personnel, medical, or similar information" about Mr. Roth; and that any privacy interest in the requested records is easily outweighed by the tremendous public interest.

50. On August 23, 2023, the FBI responded to PPT's Appeal for Request No. 1585937-000 (attached as Exhibit R) stating, "I am affirming the FBI's action on your request . . . Confirming or denying the existence of such records, including law enforcement records, concerning a third-party individual would constitute a clearly unwarranted invasion of personal privacy, and could reasonably be expected to constitute an unwarranted invasion of personal privacy."

51. At this time, PPT has exhausted its administrative process and the FBI has made a final determination on Plaintiff's request.

52. The FBI's determination complete rejection of Plaintiff's FOIA request is contrary to law. As such, the FBI is wrongfully withholding responsive records in violation of FOIA.

## VI. Request No. 1585938-00

53. On March 8, 2023, PPT submitted a FOIA request ("Request No. 1585938-000") (attached as Exhibit S) to the FBI seek the following:

    1. From January 1, 2020, through November 30, 2022, records of communications between Twitter employees Patrick Conlon, Stacia Cardille, and the following FBI officials mentioned in the Twitter Files:

        a) Fred, San Francisco FBI branch
        b) Katherine, FBI Private Sector Engagement Squad in San Francisco

54. The release of these documents is in the public interest because they will help the public gain clarity on the "Twitter files"—internal Twitter documents that revealed alarming correspondence among and between Twitter employees and officials from the federal government. The Twitter Files include records of communications between the FBI and Stacia Cardille. *See, e.g.*, Matt Taibbi (Dec. 24, 2022), https://twitter.com/mtaibbi/status/1606701446325735429 (Including an image of a communication between Elvis Chan to "Stacia" indicating that "[o]ur FBI Baltimore identified these Twitter hands and tweets . . ."); *id.*, https://twitter.com/mtaibbi/status/1606701454911483904 ("'They have some folks in the Baltimore field office and at HQ that are just doing keyword searches for violations. This is probably the 10th request I have dealt with in the last 5 days,' remarked Cardille."). The Twitter Files further suggest that Mr. Conlon was involved in decisions concerning the application of Twitter's terms of service. *See generally* Andy Ngo (Dec. 9, 2022), https://twitter.com/MrAndyNgo/status/1601384585476329473 ("In the latest #TwitterFiles, it is revealed that Twitter Elections & Crisis Response Lead, Patrick Conlon, was one of several decision-makers who pushed for jokes by conservatives to be a basis for TOS strikes. Conlon worked intelligence for years at the US Department of Defense.").

The release of the documents would assist in the public's determination of whether actions by agents of the federal government violated the First Amendment rights of American citizens.

55. On March 27, 2023, the FBI responded to Request No. 1585938-000 and said, "[p]lease be advised the FBI will neither confirm or deny the existence of such records pursuant to FOIA exemptions (b)(6) and (b)(7)(C), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C). The mere acknowledgement of the existence of FBI records on third party individuals could reasonably be expected to constitute an unwarranted invasion of personal privacy. (attached as Exhibit T).

56. On June 1, 2023, PPT submitted a Freedom of Information Act Appeal (attached as Exhibit U) noting in part that the Twitter Files contained apparent communications between Ms. Cardille and the FBI and that the FBI may not assert a Glomar response after it publicly acknowledged the existence of communications with Twitter. *See* Deposition of Elvis Chan, *State of Missouri v. Biden*, Case No. 3:22-cv-01213 (W.D. La. Nov. 29, 2022), https://www.documentcloud.org/documents/23379650-elvis-chan-deposition, (acknowledging meeting and communicating with a Twitter executive). Moreover, PPT asserted that it was seeking communications between the FBI and a third party, not records "on" a third party; that PPT was not seeking "personnel, medical, or similar information" about Stacia Cardille nor Patrick Conlon; that any privacy interest in the requested records is easily outweighed by the tremendous public interest in the matter; that PPT reasonably described the records sought; and that the FBI's claim that PPT's request fails to satisfy 28 C.F.R. § 16.3(b) is procedurally deficient, arbitrary, and capricious.

57. PPT also noted that "the FBI has stated publicly: 'The correspondence between the FBI and Twitter show nothing more than examples of our traditional, longstanding and ongoing federal government and private sector engagements, which involve numerous companies over multiple sectors and industries. As evidence in the correspondence, the FBI provides critical information to the private sector in an effort to allow them to protect themselves and their customers.'" *See* Jack Gibson & Adam Sabes, *FBI Responds to Twitter Files Disclosures, Says it Didn't Request 'Any Action' on Specific Tweets*, Fox News (Dec. 21, 2022), https://www.foxnews.com/politics/fbi-responds-twitter-files-disclosures-says-didnt-request-any-action-specific-tweets.

58. On August 2, 2023, the FBI responded to PPT's Appeal for Request No. 1585938-000 (attached as Exhibit V) stating, "I am affirming the FBI's action on your request . . . Confirming or denying the existence of such records, including law enforcement records, concerning a third-party individual would constitute a clearly unwarranted invasion of personal privacy, and could reasonably be expected to constitute an unwarranted invasion of personal privacy."

59. Given these facts, it appears that the FBI has not and does not intend to meet its statutory obligations to provide the requested records absent litigation.

60. As such, the FBI is wrongfully withholding responsive records in violation of FOIA.

## COUNT I
## Violation of FOIA, 5 U.S.C. § 552
## Wrongful Withholding of Non-Exempt Responsive Records in Response to Request No. 1585922-000

61. PPT repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

62. PPT properly requested records within the possession, custody, and control of the FBI.

63. The FBI is an agency subject to FOIA, and therefore has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

64. The FBI is wrongfully withholding non-exempt agency records requested by PPT in Request No. 1585922-000 by failing to produce non-exempt records responsive to its request.

65. The FBI is wrongfully withholding non-exempt agency records requested by PPT in Request No. 1585922-000 by failing to segregate exempt information in otherwise non-exempt records responsive to the request.

66. The FBI's failure to provide all non-exempt responsive records violates FOIA.

67. Plaintiff PPT is therefore entitled to relief requiring Defendant to promptly produce all non-exempt records responsive to Request No. 1585922-000 and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## COUNT II
## Violation of FOIA, 5 U.S.C. § 552
## Wrongful Withholding of Non-Exempt Responsive Records in Response to Request No. 1585928-000

68. PPT repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

69. PPT properly requested records within the possession, custody, and control of the FBI.

70. The FBI is an agency subject to FOIA, and therefore has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

71. The FBI is wrongfully withholding non-exempt agency records requested by PPT in Request No. 1585928-000 by failing to produce non-exempt records responsive to its request.

72. The FBI is wrongfully withholding non-exempt agency records requested by PPT in Request No. 1585928-000 by failing to segregate exempt information in otherwise non-exempt records responsive to the request.

73. The FBI's failure to provide all non-exempt responsive records violates FOIA.

74. Plaintiff PPT is therefore entitled to relief requiring Defendant to promptly produce all non-exempt records responsive to Request No. 1585928-000 and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## COUNT III
## Violation of FOIA, 5 U.S.C. § 552
## Wrongful Withholding of Non-Exempt Responsive Records in Response to Request No. 1585931-000

75. PPT repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

76. PPT properly requested records within the possession, custody, and control of the FBI.

77. The FBI is an agency subject to FOIA, and therefore has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

78. The FBI is wrongfully withholding non-exempt agency records requested by PPT in Request No. 1585931-000 by failing to produce non-exempt records responsive to its request.

79. The FBI is wrongfully withholding non-exempt agency records requested by PPT in Request No. 1585931-000 by failing to segregate exempt information in otherwise non-exempt records responsive to the request.

80. The FBI's failure to provide all non-exempt responsive records violates FOIA.

81. Plaintiff PPT is therefore entitled to relief requiring Defendant to promptly produce all non-exempt records responsive to Request No. 1585931-000 and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

**COUNT IV**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records in Response to Request No. 1585935-000**

82. PPT repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

83. PPT properly requested records within the possession, custody, and control of the FBI.

84. The FBI is an agency subject to FOIA, and therefore has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

85. The FBI is wrongfully withholding non-exempt agency records requested by PPT in Request No. 1585935-000 by failing to produce non-exempt records responsive to its request.

86. The FBI is wrongfully withholding non-exempt agency records requested by PPT in Request No. 1585935-000 by failing to segregate exempt information in otherwise non-exempt records responsive to the request.

87. The FBI's failure to provide all non-exempt responsive records violates FOIA.

88. Plaintiff PPT is therefore entitled to relief requiring Defendant to promptly produce all non-exempt records responsive to Request No. 1585935-000 and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

**COUNT V**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records in Response to Request NO. 1585937-000**

89. PPT repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

90. PPT properly requested records within the possession, custody, and control of the FBI.

91. The FBI is an agency subject to FOIA, and therefore has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

92. The FBI is wrongfully withholding non-exempt agency records requested by PPT in Request No. 1585937-000 by failing to produce non-exempt records responsive to its request.

93. The FBI is wrongfully withholding non-exempt agency records requested by PPT in Request No. 1585937-000 by failing to segregate exempt information in otherwise non-exempt records responsive to the request.

94. The FBI's failure to provide all non-exempt responsive records violates FOIA.

95. Plaintiff PPT is therefore entitled to relief requiring Defendant to promptly produce all non-exempt records responsive to Request No. 1585937-000 and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## COUNT VI
## Violation of FOIA, 5 U.S.C. § 552
## Wrongful Withholding of Non-Exempt Responsive Records in Response to Request No. 1585938-000

96. PPT repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.
97. PPT properly requested records within the possession, custody, and control of the FBI.
98. The FBI is an agency subject to FOIA, and therefore has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.
99. The FBI is wrongfully withholding non-exempt agency records requested by PPT in Request No. 1585938-000 by failing to produce non-exempt records responsive to its request.
100. The FBI is wrongfully withholding non-exempt agency records requested by PPT in Request No. 1585938-000 by failing to segregate exempt information in otherwise non-exempt records responsive to the request.
101. The FBI's failure to provide all non-exempt responsive records violates FOIA.
102. Plaintiff PPT is therefore entitled to relief requiring Defendant to promptly produce all non-exempt records responsive to Request No. 1585938-000 and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

Protect the Public's Trust respectfully requests this Court:

(1) Assume jurisdiction in this matter and maintain jurisdiction until the Defendant complies with the requirements of FOIA and any and all orders of this Court.

(2) Order Defendant to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to Request No. 1585922-000 and indexes justifying the withholding of all or part of any responsive records withheld under claim of exemption.

(3) Enjoin the Defendant from continuing to withhold any and all non-exempt records responsive to Request No. 1585922-000.

(4) Order Defendant to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to Request No. 1585928-000 and indexes justifying the withholding of all or part of any responsive records withheld under claim of exemption.

(5) Enjoin the Defendant from continuing to withhold any and all non-exempt records responsive to Request No. 1585928-000.

(6) Order Defendant to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to Request No. 1585931-000 and indexes justifying the withholding of all or part of any responsive records withheld under claim of exemption.

(7) Enjoin the Defendant from continuing to withhold any and all non-exempt records responsive to Request No. 1585931-000.

(8) Order Defendant to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to Request No. 1585935-000 and indexes justifying the withholding of all or part of any responsive records withheld under claim of exemption.

(9) Enjoin the Defendant from continuing to withhold any and all non-exempt records responsive to Request No. 1585935-000.

(10) Order Defendant to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to Request No. 1585937-000 and indexes justifying the withholding of all or part of any responsive records withheld under claim of exemption.

(11) Enjoin the Defendant from continuing to withhold any and all non-exempt records responsive to Request No. 1585937-000.

(12) Order Defendant to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to Request No. 1585938-000 and indexes justifying the withholding of all or part of any responsive records withheld under claim of exemption.

(13) Enjoin the Defendant from continuing to withhold any and all non-exempt records responsive to Request No. 1585938-000.

(14) Award PPT the costs of this proceeding, including reasonable attorney's fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E).

(15) Grant PPT other such relief as the Court deems just and proper.

Dated: November 3, 2023

Respectfully submitted,

PROTECT THE PUBLIC'S TRUST
By Counsel:

/s/Gary M. Lawkowski
Gary M. Lawkowski
D.D.C. Bar ID: VA125
DHILLON LAW GROUP, INC.
2121 Eisenhower Avenue, Suite 608
Alexandria, Virginia 22314
Telephone: 703-574-1654
GLawkowski@Dhillonlaw.com

*Counsel for the Plaintiff*